Per. Eq.

Case 12.

## Johnson's Heirs vs. Chandler's Heirs.

### APPEAL FROM FLEMING CIRCUIT.

1. By the Code of Practice, section 40, the court may determine any controversy before it when it can be done without prejudice to the rights of others, or by saving their right; if it cannot be done such other persons must be brought before the court.

2. By the Code of Practice, defect of parties appearing may be taken advantage of by demurrer. (*Section* 120.) If it do not appear it may be taken by suggestion in the answer; if such objection is not insisted upon by demurrer or answer it will be regarded as waived. (*Section* 123.) And the court may, if the rights of those not made parties can be safe, determine the controversy between those before it. (*Section* 40.) If they are indispensable parties, the court should require them to be made so.

3. One who was statutory guardian filed his petition to sell real estate of his wards; was appointed commissioner to sell; gave bond for its due payment to his wards. Suit was instituted against the guardian and surety upon his bond given by order of the Circuit Court, and recovery had. Held—that the sureties in the bond given in the County Court were not indispensable parties—and the recovery was right.

4. A joint bond was executed to several infants for the payment of money, the proceeds of their real estate sold under the order of the chancellor. Held—that the surety was not released until five years after all were of full age.

5. It is too late for a guardian for the first time to ask compensation on a bill of review where no such claim had been set up in the original case.

The facts of the case are clearly stated in the opinion of the court.

*W. H. Cord*, for appellant—

Argued, 1. That the court below erred in not sustaining the bill of review and granting the relief prayed for, on the ground that the proper and necessary parties were not made to the original suit. 2. That the surety in the guardian bond was released by lapse of time. 3. No allowance was made to the guardian for his services. 4. The decree was for too great a sum.

Although, in an ordinary petition, any one or all the parties may be sued, (*Code, sec.* 38,) yet as the Code

proposes to keep the jurisdiction of the two tribunals distinct, and in equity all proper parties must be brought before the court, "all parties united in interest must be joined" (sec. 36) and brought before the court. (Sec. 40.) When the parties are numerous some may be omitted, (sec. 37,) to harmonize equity practice and jurisdiction with the rules of construing statutes, and giving effect to sections 36 and 40, as settled in similar cases. (Taylor vs. Taylor, 6 B. Mon. 560; Withers vs. Hickman, Ib. 292; and Parsons and wfe vs. same; and in a case with these same heirs, MS. opinion of July, 1852; Burgess, &c. vs. Harris, Parsons, &c.)

The right of Henry Chandler was several, and barred by limitation of five years. And if he had any right, it was against the County Court sureties, Hixon and Allen.

It is important and but equitable to have the whole matter settled at once, and the liability of the several sureties adjusted before sacrificing the land of the heirs of surety.

Wherefore, a reversal is asked.

*Bruce*, for appellees—

The appellees resist a reversal of this case, because there is no error in the decree dismissing the bill of review. The bill or petition presents no such cause for a re-hearing or new trial, as is recognized by the Code of Practice. (*Art.* 5, *chap.* 2, *title* 9, *page* 369.) It is true that this court said in the case of *Bush vs. Madeira's heirs*, 14 *B. Monroe*, 213, that the principles and practice of courts of equity on the subject of reviewing decrees has not been changed. The case in which the judgment sought to be reversed in this case, had its inception under the Code of Practice, and must, in all respects, be governed by it. There is no "petition of review" provided for in the Code of Practice; but there is abundant provision for *new trials*, in all cases, *equitable* as well as ordinary. (*Code of Practice, sections* 369 *to* 373.) The latter section

JOHNSON'S
HEIRS
vs.
CHANDLER'S
HEIRS.

provides for such cases as previously to the Code would have been proper for a bill of review. Although the provisions of the Code concerning *trials* and *new trials*, unless specially restricted, apply to equitable as well as ordinary proceedings, and are of general application, view the general scope of title 9, and look to the purpose for which the Code was prepared—that of reducing the legal and equitable means of redressing wrongs and enforcing rights to a few simple forms of action—and although it has not entirely abolished all distinction between common law and chancery practice, yet it has wholly obliterated some and greatly changed many of the ancient distinctions which existed. So far as mere practice is concerned, the rules are changed. Under the Code, "issues arise on the pleadings where fact or conclusion of law is maintained by one party and contradicted by the other," (*sec.* 239,) and are of two kinds—of *law* and *fact*. "A trial is a judicial examination of the issues whether of *law* or of *fact* in an action," (*sec.* 341.) whether equitable or ordinary. "Issues of law must be tried by the court;" of fact, in certain cases, by a jury, &c. (*Sec.* 342.) "All other issues of fact, whether arising in ordinary or equitable proceedings, shall be tried by the court," &c. (*Sec.* 343.)' And whenever a case is decided by either of these modes of trial, the parties are bound and concluded by the decision, unless the court in which the judgment was rendered may grant a new trial, which can be done in accordance with the 5th article of the 2d chapter, title 9, or unless upon appeal this court reverse the decision.

The plaintiffs alleged none of the grounds recognized by the Code as authorizing a new trial, unless the second error alleged is good under the sixth ground specified in the Code, (section 369;) or the third ground relied upon may be embraced by the fifth ground, specified in the same section ; and if such should be the case, then the application was not made in time, as the decision was in October, and the

petition for review not filed until December following—unless the grounds had not been discovered until after the term expired, which is not averred.

There was no necessity or propriety in bringing the sureties in the guardian bond given in the County Court before the court. It was only sought to subject the guardian for moneys received by the authority of the Circuit Court bond, on which Johnson was the surety, and for which the guardians in the County Court bond had not undertaken. And if these sureties are bound for contribution they are not necessary parties to the suit by the heirs against Johnson's heirs. The covenant sued on was executed under the 5th section of the act of 1813, (*Stat. Laws,* 808,) by Burgess, with Johnson as surety, to Nancy Chandler and others, jointly, as heirs of Nathaniel Chandler.

There was no release as to any of the heirs of Chandler, as limitation would not begin to run until the youngest was of full age, and Hiram, one of the heirs was an infant when the suit was commenced. (11 *B. Monroe,* 217 ; 10 *Ib.* 63.)

If too much was adjudged to the heirs of Chandler by the decree; if Burgess was charged too much for rents ; if the recitals in the decree are not evidence against the infants ; and if there be no proof to charge them ; and if no allowance was made to the guardian, all these facts were known to the parties before the case was submitted for decree, and no exceptions were taken. Though the widow may have occupied a portion of the land, the whole was under the control of the guardian, and he received the rents for the whole. Nothing was ever claimed by the guardian for his services.

Burgess and Johnson were the only persons bound in the bond sued on, and Burgess was a non-resident and insolvent, and plaintiff had the right to sue Johnson's heirs alone.

We ask an affirmance.

JOHNSON'S
HEIRS
vs.
CHANDLER'S
HEIRS.

June 19.

Judge CRENSHAW delivered the opinion of the court—

In the year 183–, Henry D. Burgess became the guardian of the infant children of Nathaniel Chandler, deceased, and executed a separate guardian's bond to each child, with sureties, in the County Court. The guardian afterwards filed his petition, under the act of 1813, for the sale of infants' real estate, to sell their lands, and a decree for the sale thereof was had, and, in compliance with the requisition of the act, he executed to his wards, in the Circuit Court, a bond with Elijah Johnson, his surety, to perform the duties imposed by the act, &c.

On the 2d day of March, 1852, the said children of Nathaniel Chandler instituted suit against said guardian and the heirs and legal representatives of Elijah Johnson, deceased, the surety in the said bond executed in the Circuit Court, and a decree was obtained against the Johnsons, based upon the undertaking of their ancestor as surety in said bond. The petition in said suit, although it sets out the amount of money received by the guardian for rent, &c., and exhibits the several bonds executed by him in the County Court, does not make the sureties in the County Court bonds parties to the suit, nor was any decree obtained, or, as it seems, insisted upon against them; but the decree which was rendered was against the heirs and representative of Elijah Johnson, deceased, the surety in the Circuit Court, and was for funds arising from the sale of the real estate only. This decree is sought to be reviewed and set aside by the present suit upon the following grounds:

1. Because the sureties in the County Court bonds were necessary parties, and were not made parties.

2. No decree should have been rendered in favor of Henry Chandler, because he was barred by the statute of limitations.

3. The decree was for too much.

4. No allowance was made for the services of the guardian for making sales, &c.

As to the first error, we remark that, by the provisions of the Code, (section 40,) the court may determine any controversy before it when it can be done without prejudice to the rights of others, or by saving their rights. But, when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in.

The Code, (section 120,) provides that for a defect of parties, plaintiff or defendant, the defendant may demur to the petition. And, by section 123, it is provided, that "when any of the matters enumerated in section 120 do not appear upon the face of the petition, the objection may be taken by answer, and that, if no such objection be taken by demurrer or answer, the defendant shall be deemed to have waived it. Still it would seem that according to the provisions of the said section 40, if the court could not, without prejudice to the rights of those not made parties, decide the cause nor determine the controversy between the parties before it, without the presence of the others, it ought not to proceed, without those who might be prejudiced, or without those without whom the cause could not be properly decided between those already before it. In such states of case, the court ought to order such indispensable parties to be brought before it. But it is obvious that the sureties in the County Court could not be prejudiced by a decree rendering the representatives of the sureties in the Circuit Court alone responsible. And it is equally obvious that they were not indispensable parties to a determination of the controversy as to the responsibilities to the complainants of the sureties in the County Court.

If it be conceded that the complainants might have held the sureties in the County Court responsible for the fund arising from the sale of the land, this responsibility would not prove that the complainants may not hold the surety in the Circuit Court responsible for the *whole* land fund; and that they can do so if

JOHNSON's
HEIRS
vs.
CHANDLER's
HEIRS.

1. By the Code of Practice, section 40, the court may determine any controversy before it when it can be done without prejudice to the rights of others, or by saving their rights; if it it cannot be done such other persons must be brought before the court.

2. By the Code of Practice, defect of parties appearing may be taken advantage of by demurrer. (*Section* 120.) If it do not appear it may be taken by suggestion in the answer; if such objection is not insisted upon by demurrer or answer it will be regarded as waived. (*Section* 123.) And the court may, if the rights of those not made parties can be safe, determine the controversy between those before it. (*Section* 40.) If they are indispensable parties, the court should require them to be made so.

3. One who was statutory guardian filed his petition to

JOHNSON'S
HEIRS
*vs.*
CHANDLER'S
HEIRS.

sell real estate of his wards; was appointed commissioner to sell; gave bond for due payment to his wards.— Suit was instituted against the guardian and surety upon his bond given by order of the the Circuit Court and recovery had.— Held—that the sureties in the bond given in the County Court were not indispen s a b l e parties—and the recovery was right.

4. A joint bond was executed to several infants for the payment of money, the proceeds of their real estate sold under the order of the chancellor. Held—that the surety was not released until five years after all were of full age.

they think proper, is unquestionable. To enforce this responsibility only, the sureties in the County Court were not necessary and indispensable parties. The court could determine it without them, and it is manifest that by so doing they have not been prejudiced. It appears upon the face of the petition that the persons mentioned in the petition for review as necessary parties, were not parties, either as plaintiffs or defendants; and no objection was made to the petition in the suit sought to be reviewed by demurrer or answer, and the objection as to defect of parties merely, must be deemed as having been waived, as provided in said section 120.

Whether the sureties in the County Court could be compelled by the representatives of the surety in the Circuit Court to contribute towards their responsibilty, is a question which we do not decide. If they could be compelled to contribute, the defendants might have brought them before the court by cross-petition. If, however, they are responsible for contribution, it is not too late to make them so by a direct proceeding for that purpose. But, we repeat, that *this is a question which we do not decide.*

The second ground of objection to the original decree is likewise untenable. According to the second section of the act of 1838, (3 *Stat. Laws,* 559,) sureties in the bonds of guardians, their executors, &c., shall be discharged from liability when five years may have elapsed without suit, after the youngest of the wards have attained full age. But it is not pretended in this case that there had been such lapse of time before the institution of the suit. It is contended, however, that as more than five years had elapsed, after the arrival of Henry Chandler to full age, before suit, that he was barred by virtue of the statute, and should have obtained no decree. The only reason assigned for his being barred is, that his right was *several.* But, the undertaking of the surety in the Circuit Court was in a joint bond to all the wards, and the reason does not apply.

As to the third and fifth errors alleged in the bill of review to have occurred in the decree, we would remark that we do not perceive that the decree is for too much; and, that we think it is too late to complain for the first time by bill of review, that no allowance was made for the services of the guardian for making sales, &c. No exception was taken to the commissioners' report on this account, and the cause appears to have been submitted to the court for judgment by consent of parties without any objection for any cause.

Judgment affirmed.

